**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KENYADA HINTON, | : | |
| *Plaintiff,* | : | Case No. 1:25-cv-605 |
| vs. | : | Judge Jeffery P. Hopkins |
| OFFICER GROTE, *et al.*, | : | |
| *Defendants.* | : | |

---

### ORDER ADOPTING REPORT AND RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on November 18, 2025. Doc. 29. The Magistrate Judge recommends that the Motion to Dismiss (Doc. 18) filed by two of the defendants, Judge Donte Johnson and Prosecuting Attorney Melissa Kaniaris, be granted and that Plaintiff's claims against them be dismissed. The Magistrate Judge further recommends that Plaintiff be granted 21 days from the entry of any Order adopting the Report and Recommendation to file an amended complaint, and that failure to do so, would result in dismissal of the claims against Johnson and Kaniaris with prejudice. Plaintiff has filed objections. Doc. 31.

### I.     STANDARDS OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## II.    LAW AND ANALYSIS

Plaintiff requests that the Court reject the Report and Recommendation and deny the Motion to Dismiss filed by Defendants Johnson and Kaniaris, or in the alternative, dismiss Plaintiff's claims without prejudice and permit her leave to amend. Doc. 31, PageID 236–37. Plaintiff asserts four objections to the Report and Recommendation:

1. The Report and Recommendation misapplies absolute prosecutorial immunity to Defendant Kaniaris at the pleading stage.
2. The Report and Recommendation applies judicial immunity too broadly to Defendant Johnson and ignores the pro se pleading posture.
3. The Report and Recommendation erroneously treats Plaintiff's official capacity claims and state law claims as fatally defective and forecloses her ability to plead a *Monell* theory.
4. The Report and Recommendation understates the gravity and plausibility of Plaintiff's allegations and overlooks the Supreme Court's recognition of fabricated-evidence due process claims.

*Id.* at PageID 225–36. The Court will address each of these objections in turn.

The Court will first address Plaintiff's objection related to Defendant Kaniaris. Plaintiff asserts that the Magistrate Judge relied on a narrow reading of her Complaint and failed to consider all of her allegations. This, however, is not persuasive. The allegations in her Complaint that she alleges the Magistrate Judge ignored are not in any way tied to Defendant Kaniaris. The Magistrate Judge was correct: "The only conduct by defendant Kaniaris that plaintiff alleges in her Complaint is the introduction of a false toxicology report during plaintiff's state court criminal proceedings." Doc. 29, PageID 203 (citing Doc. 3, ¶¶ 9, 21). Thus, prosecutorial immunity extends to the claims Plaintiff asserts against Defendant Kaniaris given that this allegation suggests that Defendant Kaniaris was "performing [a] function[] that [was] 'intimately associated with the judicial phase of the criminal process.'" *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 513 (6th Cir. 2019). Though Plaintiff argues that immunity does not bar declaratory or injunctive relief, Plaintiff does not specify

what declaratory or injunctive relief she's pursuing, nor is it clear from the face of her Complaint whether she even seeks such relief. Plaintiff's first objection is thus overruled.

Turn then to Plaintiff's second objection related to Defendant Johnson. Plaintiff argues that the Magistrate Judge treated the allegations in Plaintiff's Complaint as alleging only that Defendant Johnson presided over her case without considering the broader context. Doc. 31, PageID 230. She asserts that Defendant Johnson is not entitled to immunity "[t]o the extent [he] personally ratified the use of fabricated evidence, approved or participated in extra-judicial communications to protect the officers from consequences, or took administrative acts outside the normal judicial role." *Id.* at PageID 231. But even drawing all reasonable inferences in her favor, Plaintiff's Complaint does not contain allegations that would suggest any non-judicial act on the part of Defendant Johnson—let alone any of the actions Plaintiff suggests in her objections. Plaintiff's second objection is therefore overruled.

Plaintiff's third objection addresses her *Monell* and state law claims. With respect to these claims, Plaintiff asserts that she should be permitted leave to amend and that dismissal of these claims with prejudice would be in error. Here, the Magistrate Judge has not recommended dismissal with prejudice. Instead, she expressly recommends that Plaintiff be granted leave to amend her complaint with 21 days of any Order adopting the Report and Recommendation. As a result, Plaintiff's third objection is overruled.

That brings the Court to Plaintiff's fourth and final objection regarding her allegations and her fabricated-evidence due process claims. In this objection, Plaintiff appears to be asserting a blanket objection to the Report and Recommendation and the classification of her claims as "conclusory and implausible." Doc. 31, PageID 234. Beyond this, Plaintiff generally contests dismissal of her "fabricated-evidence due process claim." *Id.* at PageID 235. Having

reviewed Plaintiff's Complaint and the Report and Recommendation, the Court does not find that the Magistrate Judge mischaracterized Plaintiff's allegations or claims. Further, as stated previously, the Magistrate Judge has expressly recommended that Plaintiff be granted leave to amend her Complaint. The Court is inclined to accept that recommendation. As such, Plaintiff will have an opportunity to remedy any deficiencies identified by the Magistrate Judge. Accordingly, Plaintiff's fourth and final objection is overruled.

## III.    CONCLUSION

For the reasons stated herein, Plaintiff's objections (Doc. 31) are **OVERRULED**, the Report and Recommendation is **ADOPTED** in its entirety (Doc. 29), the Motion to Dismiss (Doc. 18) by Defendants Johnson and Kaniaris is **GRANTED**, and Plaintiff's claims against them are **DISMISSED**. Plaintiff shall have **21 days** from the entry of this Order to file an amended complaint. If plaintiff does not file an amended complaint within such time, the dismissal of the claims asserted against Defendants Johnson and Kaniaris will be **WITH PREJUDICE**.

**IT IS SO ORDERED.**

June 4, 2026

Jeffery P. Hopkins
United States District Judge

4